FILED
U.S. DISTRICT COURT E.D.N.Y
★ SEP 25 2006 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IRON MOUNTAIN INFORMATION MANAGEMENT, INC, :
a Delaware corporation,                                       CV-06-2164(JFB)(AKT)

          Plaintiff,                                ECF CASE

   -against-

                                              [PROPOSED]
BEN TADDEO and MEDIA RECOVERY, INC., a        ORDER DIRECTING
Texas corporation,                                   ENTRY OF JUDGMENT

         Defendants.
------------------------------------------------------------ x

      Plaintiff, Iron Mountain Information Management, Inc. ("Iron Mountain") having commenced this action on May 10, 2006 by the filing of its complaint against Defendants, Ben Taddeo ("Taddeo") and Media Recovery, Inc. ("Media Recovery"), and Iron Mountain having filed a first amended complaint against Taddeo and Media Recovery on May 22, 2006; and

      Taddeo and Media Recovery having answered the amended complaint and Taddeo having asserted a counterclaim against Iron Mountain on June 19, 2006; and

      Iron Mountain having answered the counterclaim on July 12, 2006; and

      Taddeo and Media Recovery having offered and Iron Mountain having accepted an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure as set forth in Exhibit A hereto, it is hereby

      ORDERED, that judgment be entered in favor of Iron Mountain and against Taddeo in the amount of Five Thousand Dollars ($5,000.00) inclusive of all costs and attorneys' fees attributable to Taddeo; and it is further

      ORDERED, that judgment be entered in favor of Iron Mountain and against Media Recovery in the amount of Twenty-Five Thousand Dollars ($25,000.00) inclusive of all costs and attorneys' fees attributable to Media Recovery; and it is further

      ORDERED, that the counterclaim of Taddeo is dismissed with prejudice; and it is further

ORDERED, that, except as provided above, the parties shall bear their own costs and attorneys' fees; and it is finally

ORDERED, that this Court shall retain jurisdiction to enforce the judgment entered pursuant to this Order.

The Clerk of the Court is directed to enter judgment accordingly. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: Central Islip, New York
       September 25, 2006

Hon. Joseph F. Bianco
United States District Judge

2

{N0063839; 2}

# EXHIBIT A

Case 2:06-cv-02164-JFB-AKT   Document 39   Filed 09/25/06   Page 3 of 6 PageID #: 346

# BLACKWELL SANDERS PEPER MARTIN
LLP

720 Olive Street, Suite 2400  St. Louis, MO 63101
Tel (314) 345-6000  Fax (314) 345-6060
WEBSITE: www.blackwellsanders.com

R. Lance Witcher
DIRECT: (314) 345-6214

DIRECT FAX: (314) 345-6060
E-MAIL: lwitcher@blackwellsanders.com

### CONFIDENTIAL: FOR SETTLEMENT PURPOSES ONLY

September 15, 2006

**VIA E-MAIL (asolomon@sandw.com)**

Andrew T. Solomon
Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, NY  10104

    Re:    Offer of Judgment by Media Recovery, Inc. and Ben Taddeo

Dear Andrew:

    This letter is my clients' second and final offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. As outlined below, this offer will expire by its own terms if not accepted within the time constraints of Rule 68. This letter should not be construed in any manner as an admission on the part of either Media Recovery, Inc. ("Media Recovery") or Ben Taddeo ("Taddeo") of any wrongdoing by either party, or any officer, director or agent of, or any individual employed by either party. Moreover, this offer should not be construed as an admission on the part of either party that it or he is liable in this action, or that Plaintiff has suffered any damages.

    Media Recovery and Taddeo hereby offer thirty thousand dollars ($30,000.00) in compensation and dismissal of Taddeo's counterclaim for unpaid commissions as its offer of judgment pursuant to Rule 68. Of this amount, twenty-five thousand ($25,000.00) is offered by Media Recovery and five thousand ($5,000.00) is offered by Ben Taddeo. Again, Taddeo will also waive his claim for unpaid commissions under New York Labor Law. As stated in our counterclaim, this liability – exclusive of attorneys' fees – could be as much as $30,000. (As you know, we are still awaiting discovery on that issue). This offer <u>includes</u> all costs now accrued. This offer is intended to settle all pending claims, and this offer represents a lump sum offer combining substantive relief, costs, and attorneys' fees for all claims in one sum.

    Your client may either accept or reject the offer as presented. As I am sure you are aware, Rule 68 mandates that if your client does not recover more than the offer (in this case, $30,000.00 plus the value of Taddeo's counterclaim) through a judgment, your costs will not be recoverable past this date. Moreover, your client will be liable to my clients for any costs

## BLACKWELL SANDERS PEPER MARTIN
LLP

Andrew T. Solomon
September 15, 2006
Page 2

incurred in defense of your client's claims and incurred after this date. Given the facts and legal circumstances in this case, I believe this offer is reasonable. Rule 68 requires that your notice of acceptance of this offer must be served within ten days. If this offer is not accepted within the time constraints as provided by Rule 68, this offer shall be deemed withdrawn and automatically terminate. Moreover, evidence of this offer is not admissible except to the extent contemplated by Rule 68.

I will await your response. In the meantime, if you have any further questions or comments regarding this or any other matter, please do not hesitate to contact me.

Sincerely,

R. Lance Witcher

STLD01-1260446-1



Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, NY 10104

T 212 660 3000
F 212 660 3001
www.sandw.com

September 19, 2006

<u>By E-mail & Mail</u>

R. Lance Witcher, Esq.
Blackwell Sanders Peper Martin LLP
720 Olive St., Suite 2400
St. Louis, Missouri 63101

Re:   <u>Iron Mountain Information Management, Inc. v. Ben Taddeo and Media Recovery, Inc.</u>, 06-2164(JFB)(AKT)

Dear Lance:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff Iron Mountain Information Management, Inc. accepts the offer of judgment contained in your letter dated September 15, 2006 with respect to both defendants Media Recovery, Inc. and Ben Taddeo.

Thank you for your assistance in bringing this matter to a resolution.

Very truly yours,

Andrew T. Solomon

Direct line: 212 660 3036
asolomon@sandw.com

cc:   Garry Watzke, Esq.

{N0058503; 4}
BOSTON   NEW YORK   WASHINGTON, DC